IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee ) | |
| ) | |
| v.   ) | No. 05-8085 |
| ) | |
| MARC L. EDWARDS, ) | |
| ) | |
| Defendant-Appellant ) | |

APPELLEE'S MOTION FOR SANCTIONS

The United States of America, appellee herein, by and through counsel, respectfully requests that Marc L. Edwards, appellant herein, be sanctioned $6,000 pursuant to 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure for maintaining a frivolous appeal. The Government suggests that this motion be decided by the same panel that hears the merits of the appeal.

STATEMENT

The Internal Revenue Service (IRS) is investigating Edwards's tax liabilities for the years 2000 through 2003. (Doc. 1, Ex. 1 at 1.)[1] In

---

[1] "Doc." references are to the docket numbers and page numbers of items in the record as compiled by the Clerk of the District Court. "A." references are to the pages of the separately-paginated appendix attached to the Government's brief, which is being filed concurrently

(continued...)

1428415.2

connection with the investigation, Revenue Agent Bruce Gilbert issued a summons to Edwards, directing him to appear on February 4, 2005, to produce certain books and records and to give testimony with respect to his federal tax liabilities for those years. (Doc. 1, Ex. 1 at 1, Ex. 2.) Edwards appeared, but refused to provide any of the information requested in the summons. (Doc. 1, Ex. 1 at 1.)

Thereafter, the United States filed a petition to enforce the summons. (Doc. 1.) The petition was supported by the declaration of Revenue Agent Gilbert, which stated that all the requirements for bringing a summons enforcement action had been satisfied. (Doc. 1, Ex. 1 at 1–2.)

Edwards moved to strike the petition, arguing that the United States lacked "standing" to file the petition and that the court lacked jurisdiction to hear it because there was no "justiciable case or controversy." (Doc. 4 at 1–2.) He moved to strike Revenue Agent Gilbert's declaration, claiming that Mr. Gilbert "is not qualified to

---

[1](...continued)
with this motion. "Br." references are to the pages of Edwards's opening brief. "Tr." references are to the pages of the transcript of the show-cause hearing.

testify against me." (Doc. 6.) He also filed a "motion for more definite statement Rule 12(e)" as to whether the petition "is alleging a contract dispute or a tort." (Doc. 5.) When the Government responded to his motions (Doc. 9), Edwards moved to strike the response, asserting that he could not defend himself without knowing whether the petition was being brought by the "United States of America" or the "United States." (Doc. 13.)

The District Court ordered Edwards to show cause why the summons should not be enforced. (Doc. 3.) At the show-cause hearing, Edwards objected to being called a "taxpayer" and attempted to cross-examine Revenue Agent Gilbert with inappropriate questions. (Tr. 18–19, 23–24, 38–41, 45–47, 52, 56–58.) The court recognized Edwards's approach as a typical tax protester gambit, and admonished him for not reading the law governing his case prior to the hearing. (*Id.* at 25, 31–32.) Ruling from the bench, the District Court found Edwards's various motions to be meritless. (A. 5–A. 8.) It held that the Government's authority and the court's jurisdiction to enforce an IRS summons had been expressly affirmed by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964). (A. 5–A. 6.) It denied Edwards's

motion for a statement as to whether the IRS's claim was based on contract or tort as having no basis in law, because the petition was obviously brought pursuant to statutory authority. (A. 6.) Finding that Revenue Agent Gilbert clearly had personal knowledge of the averments in his declaration, the court denied Edwards's motion to strike the declaration. (A. 7.) It rejected as impertinent Edwards's argument that he could not defend himself without knowing whether the petitioner was the "United States of America" or the "United States." (A. 8.)

The District Court found that Edwards had failed to rebut the Government's prima facie showing that the summons should be enforced and he had not met his burden of proving a lack of good faith or establishing that enforcement of the summons would constitute an abuse of the court's process. (A. 8.) The court found that Edwards had "not even attempted to make such a showing." (*Ibid.*)

On appeal, Edwards has not identified any error by the District Court. Rather, he presses the same frivolous arguments he raised below (Br. 5–7), and argues further that he was denied the opportunity to "attack the credibility and competency" of Revenue Agent Gilbert

1428415.2

-5-

(Br. 7). He also contends that *Powell* and the Internal Revenue Code do not apply to him because he is not a "taxpayer." (Br. 8.)

# ARGUMENT

The Government's position with respect to Edwards's arguments on appeal is fully addressed in its answering brief, which is being submitted concurrently with this motion. As is more fully discussed in our brief, Edwards's arguments on appeal, like his arguments in the District Court, are patently frivolous. Clearly, the United States has standing to petition for the enforcement of an IRS summons under Sections 7402(b) and 7604(a) of the Internal Revenue Code, and the District Court likewise has jurisdiction to enforce a summons. Moreover, Edwards was not entitled to cross-examine Revenue Agent Gilbert as to irrelevant matters. And his position that the internal revenue laws do not apply to him is untenable. Such a position has been rejected repeatedly by this Court and others. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *Stafford v. Commissioner*, 805 F.2d 895, 896 (10th Cir. 1986); *Trowbridge v. Commissioner*, 378 F.3d 432, 432–433 (5th Cir. 2004); *United States v. Sloan*, 939 F.2d 499, 500–501 (7th Cir. 1991); *United States v. Studley*,

783 F.2d 934, 937 & n.3 (9th Cir. 1986); *McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986).

We submit, therefore, that an award of appellate sanctions against Edwards is warranted by his taking this frivolous appeal. Under 28 U.S.C. § 1912 and Fed. R. App. P. 38, courts of appeals have discretion to award sanctions to an appellee, including attorneys' fees and single or double costs, where the appellant raises frivolous arguments such as those made by Edwards here. *See, e.g.*, *United States v. Gosnell*, 961 F.2d 1518, 1520–1521 (10th Cir. 1992); *Trowbridge*, 378 F.3d at 433; *Crain v. Commissioner*, 737 F.2d 1417, 1417–1418 (5th Cir. 1984). *See also Lonsdale*, 919 F.2d at 1448; *Stafford*, 805 F.2d at 896; *McNair*, 788 F.2d at 1510.

In tax cases involving frivolous appeals, this Court has imposed a flat damages fee as a sanction under Fed. R. App. P. 38, in lieu of requesting the Government to undertake a specific computation of costs in attorneys' fees on a case-by-case basis. *See, e.g., Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000). Other courts have used a similar procedure. *See, e.g., Trowbridge*, 378 F.3d at 433; *Cohn v. Commissioner*, 101 F.3d 486, 486–487 (7th Cir. 1996); *Schoffner v.*

1428415.2

*Commissioner*, 812 F.2d 292, 294 (6th Cir. 1987).  "[I]mposing a lump sum sanction saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs." *Parker v. Commissioner*, 117 F.3d 785, 787 (5th Cir. 1997).

According to the records of the Tax Division of the Department of Justice, the average expense in attorney salaries and other costs incurred by this office in the defense of frivolous appeals in which sanctions were ordered during 2001 and 2002 (the latest period for which figures are available) was approximately $6,900.[2]  The Government therefore respectfully requests that the Court award it $6,000 as a lump-sum sanction.  *See Trowbridge*, 378 F.3d at 433 (imposing $6,000 lump-sum sanction for a frivolous appeal).  Although such an award might not cover all of the costs attending this litigation, it would nevertheless at least partially compensate the Government for

---

[2] In making this computation, we have eliminated from consideration instances in which significantly greater amounts of attorney time were devoted to the case than are typically reported for such cases.

1428415.2

-8-

the direct costs of defending the appeal and might deter future frivolous appeals.

## CONCLUSION

This Court should impose a sanction against Edwards to partially compensate the Government for the costs of defending this frivolous appeal. A sanction of $6,000 would be appropriate.

        Respectfully submitted,

        EILEEN J. O'CONNOR
          *Assistant Attorney General*

        /s/ Karen G. Gregory

        _____
        FRANK P. CIHLAR   (202) 514-2839
        KAREN G. GREGORY  (202) 514-5399
        Karen.G.Gregory@usdoj.gov
        Virginia State Bar No. 48336
          *Attorneys*
          *Tax Division*
          *Department of Justice*
          *Post Office Box 502*
          *Washington, D.C. 20044*

*Of Counsel:*

MATTHEW H. MEAD
   *United States Attorney*

STEVEN K. SHARPE
   *Assistant United States Attorney*

Dated: November 23, 2005.

1428415.2

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee ) | |
| ) | |
| v. ) | No. 05-8085 |
| ) | |
| MARC L. EDWARDS, ) | |
| ) | |
| Defendant-Appellant ) | |

## DECLARATION

Karen G. Gregory, of the Department of Justice, Washington, D.C., states as follows:

1. I am an attorney employed in the Appellate Section, Tax Division, United States Department of Justice.

2. The facts recited in the accompanying motion for sanctions are true to the best of my knowledge and belief.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 23rd day of November, 2005, in Washington, D.C.

/s/ Karen G. Gregory

KAREN G. GREGORY
*Attorney*

1428415.2

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
|     Plaintiff-Appellee      ) | |
| ) | |
| v.      ) | No. 05-8085 |
| ) | |
| MARC L. EDWARDS,      ) | |
| ) | |
|     Defendant-Appellant      ) | |

**CERTIFICATE OF SERVICE**

It is hereby certified that the original and three copies of appellee's motion for sanctions and supporting declaration were mailed to the Clerk by First-Class Mail on this 23rd day of November, 2005, and that service was made on the appellant, who is appearing *pro se*, on this 23rd day of November, 2005, by mailing one paper copy thereof, and one electronic copy in PDF format on CD, to him by First-Class Mail in an envelope properly addressed as follows:

      Mr. Marc. L. Edwards
      1103 Edwards Street
      Gillette, WY  82718

It is further certified that the motion and supporting declaration have been submitted in digital PDF format (as a single document) by e-mail to esubmission@ca10.uscourts.gov; that no privacy redactions were

1428415.2

-2-

required; that the electronic submission is an exact copy of the paper documents filed with the Clerk; and that the electronic submission has been scanned for viruses with the eTrust Antivirus program (copyright 2003) and, according to the program, the document is free of viruses.

/s/ Karen G. Gregory

_____
KAREN G. GREGORY
*Attorney*

1428415.2